**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CHERYL D. HARDY,<br><br>                Plaintiff,<br><br>        v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, SOPHIA LEE, CHRISTOPHER WAILOO, CLAIRE WALLACE, ANGELA CABRERA, JO-ANN VERRIER, IAN SEMMLER, AND CHRISTINE DROESSER<br><br>                Defendants. | Civil Action No. 2:26-CV-00849-MKC |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT ............................................................................................................ 2

      A.    Hardy Concedes That Her Request For FMLA Leave Was Approved. ................ 2

      B.    Hardy Has Not Alleged That She Suffered An Adverse Employment
           Action .......................................................................................................................... 3

      C.    Hardy Attempts To Base Her ADA Claim On An Accommodation She
           Never Requested. ...................................................................................................... 5

      D.    Hardy Does Not Dispute Her IIED Claim Is Barred By Pennsylvania's
           Workers' Compensation And Erroneously Argues The Need For
           Discovery Can Excuse Pleading Deficiencies. ....................................................... 7

      E.    Hardy Does Not Dispute Her ADA And IIED Claims Against The
           Individual Defendants Fail And Again Erroneously Argues Discovery Is
           Required To Plead FMLA Claims. .......................................................................... 8

      F.    Hardy's Additional Attempts To Avoid Dismissal Are Improper And
           Legally Unavailing. ................................................................................................. 9

III.  CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................9

*Bangura v. Pennsylvania*,
   No. CV 16-3626, 2019 U.S. Dist. LEXIS 226481 (E.D. Pa. Feb. 28, 2019),
   *aff'd*, 793 F. App'x 142 (3d Cir. 2019)...................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................6

*Burns v. USI Ins. Servs., LLC*,
   No. 20-cv-05304-JMY, 2022 WL 824101 (E.D. Pa. Mar. 18, 2022) .......................4

*Devon Drive Lionville, LP v. Parke Bancorp, Inc.*,
   No. 2:15-cv-3435, 2016 WL 7475816 (E.D. Pa. Dec. 29, 2016) .............................9

*Donnelly v. Cap. Vision Servs., LLC*,
   644 F. Supp. 3d 97 (E.D. Pa. 2022) .........................................................................3

*Doug Grant, Inc. v. Greate Bay Casino Corp.*,
   232 F.3d 173 (3d Cir. 2000)......................................................................................9

*Douse v. Walmart*,
   No. 24-cv-2541, 2024 WL 3744357 (E.D. Pa. Aug. 9, 2024) ..................................7

*Dreibelbis v. Scholton*,
   274 F. App'x 183 (3d Cir. 2008) ..........................................................................7, 8

*Harris v. Holder*,
   No. CV 14-5163, 2016 WL 3388297 (D.N.J. June 13, 2016), *aff'd*, 687 F.
   App'x 167 (3d Cir. 2017)..........................................................................................5

*Ingram v. Abington Sch. Dist. Auth.*,
   No. 24-CV-0174, 2025 WL 1839491 (E.D. Pa. July 3, 2025)..................................6

*Jones v. SEPTA*,
   No. 12-cv-6582-WY, 2014 WL 3887747 (E.D. Pa. Aug. 6, 2014), *aff'd sub*
   *nom.*, *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323 (3d Cir. 2015).....................4, 5

*Krantz v. Prudential Invs. Fund Mgmt. LLC*,
   305 F.3d 140 (3d Cir. 2002)....................................................................................10

*Lynch v. Tasty Baking Co.*,
   No. CV 23-4445, 2024 WL 2848295 (E.D. Pa. June 5, 2024) ..............................7, 8

*Rivers v. City of Phila.*,
    No. CV 25-7288, 2026 U.S. Dist. LEXIS 84848 (E.D. Pa. Apr. 17, 2026) .........................7, 10

*Royal Canin U. S. A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025)...................................................................................................................4

*Smart v. Geisinger Health*,
    No. 4:20-CV-02198, 2022 WL 17823682 (M.D. Pa. Dec. 20, 2022) .......................................6

*West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
    712 F.3d 165 (3d Cir. 2013)....................................................................................................4

*Com. of Pa. ex rel. Zimmerman v. Pepsico, Inc.*,
    836 F.2d 173 (3d Cir. 1988)....................................................................................................9

**Statutes**

Americans with Disabilities Act ................................................................................ *passim*

Family and Medical Leave Act.................................................................................. *passim*

Pennsylvania's Workers' Compensation Act ...............................................................2, 7

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6)................................................................2, 7, 10

The Trustees of the University of Pennsylvania ("Penn"), together with Sophia Lee, Christopher Wailoo, Claire Wallace, Angela Cabrera, Jo-Ann Verrier, Ian Semmler, and Christine Droesser (collectively, the "Individual Defendants"), respectfully submit this reply brief in further support of Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim. (ECF No. 24.)

## I.    INTRODUCTION

In her Opposition, Plaintiff Cheryl D. Hardy ("Hardy") fails to meaningfully address Defendants' arguments for dismissal, which are based on blatant pleading deficiencies in the Amended Complaint and well-established legal authority. Counsel for Defendants first put Hardy on notice of the deficiencies on April 22, 2026, before they moved to dismiss her original Complaint. (*See* Certificate of Conferral, ECF No. 19-2.) Hardy refused to withdraw or attempt to amend the original Complaint, inexplicably allowed the deadline to oppose Defendants' original motion to pass before moving the Court for additional time, and then filed an Amended Complaint in which she made no attempt whatsoever to address the previously identified deficiencies. She simply added another, equally deficient claim. (*Compare* Complaint, ECF No. 1 ("Orig. Compl.") (asserting deficient claims for violation of the Family and Medical Leave Act ("FMLA") and for intentional infliction of emotional distress ("IIED")), *with* Amended Complaint, ECF No. 23 ("Am. Compl.") (reasserting the deficient FMLA and IIED claims and adding a deficient claim for violation of the Americans with Disabilities Act ("ADA")).)

Now, more than two months later, Hardy has filed an Opposition that does nothing to overcome the problems in her Amended Complaint. She asserts an FMLA interference claim despite acknowledging that her request for leave was immediately approved. On her FMLA retaliation claim, she contends that she was constructively discharged, even though her Amended

1

Complaint does not plead such a claim. Nor could it because she does not allege she was subjected to intolerable working conditions. (*See* Defendant's Memorandum of Law in Support of Motion to Dismiss Amended Complaint ("Mov. Br."), ECF No. 24-1, pp. 9-10.) The Amended Complaint does allege that Hardy was terminated, and her Opposition argues that this constitutes an adverse action. But that argument is nonsensical. Penn repeatedly asked Hardy to return to work. She refused and ignored the requests. Refusing to come to work cannot be an adverse action, absent facts that give rise to a constructive discharge. Lastly, Hardy argues that her placement on administrative leave constitutes an adverse action. It is not under the law.

Her ADA claim fares no better, as it is premised on a hypothetical accommodation that she never requested. Hardy also does not meaningfully address Defendants' arguments regarding her IIED claim being barred by Pennsylvania's Workers' Compensation Act or the fact that the ADA does not permit individual liability, thereby conceding those points. She further seeks to survive dismissal by: (i) improperly introducing new factual assertions and exhibits; (ii) repeatedly calling on the Court to infer facts that are neither pled in nor plausibly arise from the Amended Complaint; (iii) arguing that dismissal of Hardy's claims is inappropriate without the benefit of discovery (thereby rendering FRCP 12(b)(6) meaningless); and (iv) requesting leave to amend the complaint *yet again*—with no explanation for Hardy's willful failure to address known deficiencies since April. (*See generally* Opposition Brief ("Opp. Br."), ECF No 27-2.)

This is Hardy's second failed attempt to plead her claims against Defendants. Her Amended Complaint should be dismissed with prejudice.

## II.    <u>ARGUMENT</u>

### A.    <u>Hardy Concedes That Her Request For FMLA Leave Was Approved.</u>

Hardy asserts a claim for FMLA interference, but her Opposition *admits* that her request for leave was promptly approved. (*See* Opp Br., p. 3, Exs. A, C.) She relies on dictionary

2

definitions of the words "interference" and "restrain" (rather than any one of the thousands of cases analyzing FMLA interference claims) to argue that FMLA interference should be broadly construed to encompass lesser forms of hindrance, but she still fails to allege how the mere *approval* of additional FMLA leave plausibly discouraged or hindered her from actually taking FMLA leave as she saw fit. (*See* Opp Br., pp. 6-8 (citing no cases).)

To sustain her FMLA interference claim, Hardy must plausibly allege *every* element of her claim, including that each Defendant denied her benefits to which she was entitled under the FMLA. *Donnelly v. Cap. Vision Servs., LLC*, 644 F. Supp. 3d 97, 109 (E.D. Pa. 2022) (citing *Capps v. Mondelez Glob., LLC,* 847 F.3d 144, 155 (3d Cir. 2017)). As Defendants explained, Hardy does not (and cannot) allege that she was denied any benefits. (*See* Mov. Br., pp. 7-8.) Hardy cites no case holding that the approval of additional leave supports an FMLA interference claim, and Defendants are aware of none. Her FMLA interference claim should be dismissed.

**B.     Hardy Has Not Alleged That She Suffered An Adverse Employment Action.**

Hardy's FMLA interference claim fails because she has not suffered an adverse employment action. Hardy continues to shift positions as to what adverse employment decision she allegedly suffered. Hardy now argues that she was *both* constructively discharged *and* terminated. (*See* Opp. Br., pp. 9-13.) Neither have been adequately pled.

Even though her Amended Complaint removes any reference to a purported constructive discharge, a term that was at least referenced in the original Complaint, Hardy contends she has not abandoned her constructive discharge claim because "[t]he allegations of the initial Complaint [] were changed subsequent to the filing of the initial Complaint to reflect the fact that Penn formally terminated Hardy on March 4, 2026." (Opp. Br, pp. 11-12.) If Hardy wants to pursue a constructive discharge claim, she cannot remove it from the operative pleading. Hardy's Opposition cites no legal authority that would allow this Court to consider her abandoned

3

constructive discharge claim (and Hardy cannot now rely on her original Complaint to supplement her Amended Complaint). *See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 173 (3d Cir. 2013) (explaining that the District Court cannot look outside the four corners of the operative complaint at the motion to dismiss stage); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading supersedes the old one" and the "original pleading no longer performs any function in the case.") (citation omitted). In any event, Hardy has not (and cannot) plead facts to support a plausible constructive discharge theory regardless of whether her Amended Complaint references the term.[1]

Moreover, even though her Amended Complaint alleges that her job was terminated, the exhibits she attached to the Amended Complaint establish that the reason for her termination was that she refused to return to work. (*See* Am. Compl., Ex. Q (showing that Wallace emailed Hardy on January 28, 2026, and again on February 12, 2026, regarding her return to work on February 26, 2026, and Hardy never responded or returned to work).) Voluntarily quitting one's job is not an adverse action. (*See* Mov. Br., p. 9.)

Perhaps realizing that she cannot rely on her own decision to quit without notice as grounds for a lawsuit against her former employer, Hardy argues that her initial placement on administrative leave was an adverse employment action, even though legal authority holds otherwise. (*See* Opp. Br., pp. 10-11.) *See Jones v. SEPTA*, No. 12-cv-6582-WY, 2014 WL

---

[1] In the original Complaint, Hardy alleged that Penn "constructively discharged" her by asking her to submit an operations and planning report and by scheduling a return-to-work meeting. (Orig. Compl. ¶¶ 58–59, Ex. P.) As Defendants explained in their Motion to Dismiss (Mov. Br., at pp. 7–8), those factual allegations obviously do not amount to a constructive discharge claim. A resignation may be deemed a constructive discharge only if a reasonable person would conclude that she has "no choice but to resign" because of "intolerable" working conditions. *Burns v. USI Ins. Servs., LLC*, No. 20-cv-05304-JMY, 2022 WL 824101, at *5 (E.D. Pa. Mar. 18, 2022). In the Amended Complaint, Hardy simply alleges that Penn terminated her employment by email on March 4, 2026. (Am. Compl. ¶ 61, Ex. Q.) But the March 4th email, attached as Exhibit Q to the Amended Complaint, plainly shows that Hardy quit without notice: Penn tried to schedule a return-to-work meeting, and she simply never responded or returned to work. (*Id.*) Far from "intolerable," asking an employee to submit a report and schedule a return-to-work meeting are routine requests.

3887747, at *3–4 (E.D. Pa. Aug. 6, 2014) (placing an employee on paid administrative leave where there is no presumption of termination is not an adverse employment action), *aff'd sub nom.*, *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323 (3d Cir. 2015). Hardy attempts to distinguish *Jones* by noting that the plaintiff in that case was placed on administrative leave pending an investigation of alleged wrongdoing. (*See* Opp. Br., pp. 10-11.) But that argument only raises a distinction that cuts against Hardy; if anything, such a situation is far more likely to involve a presumption of termination than a situation in which the employee is *not* being investigated for alleged wrongdoing when placed on paid leave. In other words, if administrative leave did not amount to an adverse employment action in *Jones*, it certainly does not amount to an adverse employment action here—especially given the multiple attempts by Penn to get Hardy back to work, all of which were ignored by Hardy. (*See* Am. Compl., Ex. Q.) In any event, courts in this Circuit have held that placing an employee on paid administrative leave when that employee is *not* being investigated for alleged wrongdoing is not an adverse action. And they have relied on *Jones* when doing so. *See, e.g.*, *Bangura v. Pennsylvania*, No. CV 16-3626, 2019 U.S. Dist. LEXIS 226481, at *20 (E.D. Pa. Feb. 28, 2019) (finding decision to place plaintiff on paid administrative leave until her supervisor could discuss her concerns about another employee was not an adverse action), *aff'd*, 793 F. App'x 142 (3d Cir. 2019); *Harris v. Holder*, No. CV 14-5163, 2016 WL 3388297, at *4 (D.N.J. June 13, 2016) (finding decision to place plaintiff on paid injury leave was not an adverse action where plaintiff remained in the same position with the same duties and schedule), *aff'd*, 687 F. App'x 167 (3d Cir. 2017).

    **C.**    **<u>Hardy Attempts To Base Her ADA Claim On An Accommodation She Never Requested.</u>**

Hardy states in a conclusory and unsupported fashion that she has sufficiently stated ADA discrimination and retaliation claims against Defendants. Instead of explaining how the required

elements of her claim were pled, Hardy merely refers this Court back to thirty-four allegations in the Amended Complaint, stating that those allegations and "the reasonable inferences that arise from them" show that she adequately pled a claim. (Opp. Br., p. 14.) She then vaguely reiterates (with no factual or legal support) that she has engaged in protected activity, defendants took adverse actions against her, and there is a casual connection between her protected activity and those adverse actions. (*See id.*, pp. 14-15.) That is not enough. It is well-settled that "a formulaic recitation of a cause of action's elements" is insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Therefore, as Defendants have demonstrated, and Hardy does not adequately dispute, Hardy has not pled the elements of an ADA claim. (*See* Mov. Br., pp. 12-13.)

In a final effort to salvage her ADA claim, Hardy argues that the "inferences from the allegations [] indicate[]" that "the simplest accommodation of allowing Hardy to work from home" would have enabled her to perform the essential functions of her job. (Opp. Br., p. 14.) She further alleges that she has sufficiently stated a failure to accommodate theory because Defendants "reasonably could have accommodated Hardy's condition by allowing her to work from home." (*Id.*) However, Hardy has pled *no* facts in support of her allegation that she sought an accommodation to work from home (or any other accommodation for that matter) or that Defendants denied such a request. At most, Hardy alleges she requested sick days, which she concedes were immediately approved. (*Id.*) Hardy cannot base her claim on a hypothetical accommodation that she never requested. *See Ingram v. Abington Sch. Dist. Auth.*, No. 24-CV-0174, 2025 WL 1839491, at *6 (E.D. Pa. July 3, 2025) (explaining employers will not incur liability for failing to provide a reasonable accommodation that was never requested); *Smart v. Geisinger Health*, No. 4:20-CV-02198, 2022 WL 17823682, at *9 (M.D. Pa. Dec. 20, 2022) (explaining an employer cannot refuse an accommodation that was never requested); *see also*

6

*Douse v. Walmart*, No. 24-cv-2541, 2024 WL 3744357, at \*5 (E.D. Pa. Aug. 9, 2024) (dismissing failure to accommodate claim where employee did not allege she requested an accommodation).

The Amended Complaint's sole reference to remote work is that Wallace asked Hardy to work from home on Monday, October 13, 2025 – a directive Hardy blatantly disregarded. (*See* Am. Compl., ¶ 52, Ex. J.) To the extent Hardy wanted a work-from-home accommodation, she should have requested one in response to Penn's request that she return to work, or at some previous time. Instead, she ignored Wallace's return to work email. (*See* Am. Compl., Ex. Q.)

**D.     Hardy Does Not Dispute Her IIED Claim Is Barred By Pennsylvania's Workers' Compensation And Erroneously Argues The Need For Discovery Can Excuse Pleading Deficiencies.**

Hardy's Opposition does not address Defendants' argument that her IIED claim is barred by Pennsylvania's Workers' Compensation Act. (*See* Mov. Br., pp. 15-16.) Therefore, her IIED claim should be dismissed. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 183–85 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had the opportunity to address it in his opposition brief but failed to do so); *Lynch v. Tasty Baking Co.*, No. CV 23-4445, 2024 WL 2848295, at \*2 (E.D. Pa. June 5, 2024) ("The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument is a waiver or abandonment of that claim.").

Even if Hardy's IIED claim was not barred, it fails because she alleges no facts that could sustain such a claim. (*See* Mov. Br., pp. 14 -16.) Hardy's Opposition generally argues (yet again, without any factual or legal support), that her "allegations [] and the reasonable inferences that arise from them" are nevertheless sufficient to state an IIED claim. (*See* Opp. Br., p. 15.) She couples that argument with a suggestion that "discovery is necessary to flesh out the allegations of the Amended Complaint." (*Id.*) That argument fails. A plaintiff cannot avoid dismissal under Rule 12(b)(6) by arguing that discovery will later cure pleading defects. *Rivers v. City of Phila.*, No.

7

CV 25-7288, 2026 U.S. Dist. LEXIS 84848, at *7 (E.D. Pa. Apr. 17, 2026) (dismissing claim where plaintiff suggested discovery would clarify his allegation and explaining discovery is not a cure for a deficient pleading). Courts routinely dismiss IIED claims that are pled inadequately. (*See* Mov. Br., pp. 14-15 (collecting cases).) The Court should do the same here.

E.    **Hardy Does Not Dispute Her ADA And IIED Claims Against The Individual Defendants Fail And Again Erroneously Argues Discovery Is Required To Plead FMLA Claims.**

Hardy's claims against the individual defendants should be dismissed. Incongruously, the Opposition asserts that her claims against the individual defendants are valid, but then concedes that the ADA does not permit individual liability. (*See* Opp. Br., pp. 15-16; Mov. Br., p. 16.) She then fails to explain how any alleged conduct by the individual defendants rises to the level of "extreme and outrageous conduct" required to sustain an IIED claim. (*See* Opp. Br., pp. 15-16; Mov. Br., p. 19.) Because Hardy does not meaningfully oppose these points of law, her ADA and IIED claims against the individual defendants should be dismissed as uncontested. *See Dreibelbis*, 274 F. App'x, at 183–85; *Lynch*, 2024 WL 2848295, at *2.

As to her FMLA claims against the individual defendants, Hardy vaguely asserts that "the allegations in the Amended Complaint and the reasonable inferences that arise from them establish beyond doubt" that: 1) Defendants Lee and Wallace exercised supervisory authority over her and were responsible in whole or in part for the alleged FMLA violations; and 2) Defendants Wailoo, Cabrera, Semmler, and Droesser were responsible in whole or in part for the alleged FMLA violations. (*See* Opp. Br., pp. 15-16.) She asks the Court to defer a decision on Defendants' Motion to Dismiss her claims against Cabrera, Wailoo, Semmler, Droesser and Verrier pending discovery to determine whether these individual defendants exercised supervisory authority over Hardy and whether Verrier satisfied either of the two requirements for individual FMLA liability. (*See id.*, p. 16.) Similar to her IIED claim, Hardy asks this Court to ignore the absence of facts in her Amended

8

Complaint that plead the elements of claims she is asserting. Hardy does not allege that the individual defendants had any supervisory authority over her, or were responsible for any alleged FMLA violation, as is required in this Circuit. (*See* Mov. Br., p. 18.) She cannot avoid dismissal of those claims by simply arguing that she needs discovery.

    **F.**    **Hardy's Additional Attempts To Avoid Dismissal Are Improper And Legally Unavailing.**

Aside from Hardy's failure to offer any factual or legal basis to defeat Defendants' Motion, her Opposition resorts to a series of moves that should also be rejected. For example, Hardy improperly introduces new factual assertions and exhibits (which, as explained above, do nothing to save her claims). The Court should not consider those facts or exhibits because a complaint may not be amended by briefs in opposition to a motion to dismiss. *See Com. of Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, No. 2:15-cv-3435, 2016 WL 7475816, at *12 (E.D. Pa. Dec. 29, 2016) (declining to consider exhibits submitted with an opposition to defendants' motion to dismiss when assessing sufficiency of the complaint's allegations).

Next, Hardy repeatedly asks this Court to infer facts that are neither pled in nor plausibly arise from the Amended Complaint. That she cannot do. To survive Defendants' Motion, Hardy's Amended Complaint must contain enough facts to state a claim to relief that is plausible on its face, and the Court can only draw reasonable inferences from *the pleaded factual content. See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This Court "need not accept as true [Hardy's] 'unsupported conclusions and unwarranted inferences.'" *See Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (citations omitted). Additionally, as addressed above, Hardy also asserts that she could cure pleading defects if discovery is permitted. If this

were true, it would render FRCP 12(b)(6) meaningless. *See Rivers*, 2026 U.S. Dist. LEXIS 84848, at *7.

Lastly, Hardy argues that, if the Court is inclined to dismiss her case, she should be allowed to amend her Complaint a third time. Hardy's continued and willful failure to address the known deficiencies of her Amended Complaint render any further attempt futile. (*See generally* Opp. Br.) *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (finding that a district court did not abuse its discretion in denying leave to amend for a second time where the plaintiff was on notice of the deficiencies in his complaint and failed to correct them in the first amended complaint). As such, Hardy's Amended Complaint should be dismissed in its entirety.

## III.    CONCLUSION

For the foregoing reasons, all of Hardy's claims against the Defendants fail as a matter of law. As a result, Defendants respectfully request that this Court grant Defendants' Motion and dismiss Hardy's Amended Complaint with prejudice.

Dated: July 10, 2026                    Respectfully submitted,

By: 
Jeffrey A. Sturgeon
PAUL HASTINGS LLP
1650 Market Street
Philadelphia, PA 19103
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
jeffreysturgeon@paulhastings.com

Elizabeth Neuburger*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York
Tel: (212) 318-6000
elizabethneuburger@paulhastings.com

*Admitted *pro hac vice*                    *Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Sturgeon, hereby certify that on July 10, 2026, a true and correct copy of Defendants' Reply in Further Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that I served the same via electronic filing on July 10, 2026 upon the following:

Robert T Vance Jr
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
Phone: (267) 887-0172
Email: rvance@vancelf.com
*Counsel for Plaintiff Cheryl Hardy*

Jeffrey A. Sturgeon